AUSA John R. Hauser (312) 353-8728

# UNITED STATES DISTRICT COURT
## FOR THE
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

**MAGISTRATE JUDGE COLE**

### AFFIDAVIT OF COMPLAINT (OR INDICTMENT) IN REMOVAL PROCEEDINGS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| NORTHERN DISTRICT OF ILLINOIS ) | CASE NUMBER **08CR 631** |

The undersigned Affiant personally appeared before Jeffrey Cole, a United States Magistrate Judge, and being duly sworn on oath, states: That at Tallahassee, Florida (U.S. District Court for the Northern District of Florida), on or about August 5, 2008, one LUTHER RILEY was charged with violations of 18 United States Code, Sections 1349 and 1344 (Attempt or Conspiracy to Commit Wire Fraud and Bank Fraud, and Bank Fraud) and that on the basis of Affiant's investigation and information received concerning the case through official channels, does hereby certify that an Arrest Warrant is outstanding for the arrest of said defendant (attached hereto).

Wherefore, Affiant prays that the defendant be dealt with according to law.

**FILED**
8-9-08
AUG 09 2008

MAGISTRATE JUDGE JEFFREY COLE
UNITED STATES DISTRICT COURT

KOREY SMITH, Special Agent
United States Secret Service

Subscribed and Sworn to before me this
9th day of August, 2008.

_____
Jeffrey Cole
United States Magistrate Judge

Bond set [or recommended] by issuing Court at ___ (no bond) _____

08/06/2008  15:38   8509428394                    NFVFTF

**08CR  631**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

VS                                                          CASE NO. 4:08cr40-RH

LUTHER RILEY

### WARRANT FOR ARREST

TO:   The United States Marshal
      and any Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest __LUTHER RILEY__
                                         Name
and bring him or her forthwith to the nearest magistrate to answer an

### Indictment

charging him or her with:

Conspiracy to commit offenses against the United States of America; Did execute and attempt to execute a scheme to defraud and to obtain money, funds, credits and other property owned by and under the custody and control of federally-insured financial institutions

in violation of Title 18 United States Code, Section(s) 1343, 1344 and 2



| William M. McCool | Clerk of Court |
|---|---|
| Name of Issuing Officer | Title of Issuing Officer |
| _Anju Maxwell_ | August 5, 2008   Tallahassee |
| Deputy Clerk: Angela Maxwell | Date and Location |

Bail fixed at $ _Bail Reform Act_
and/or in accordance with Comprehensive Crime        by _William C. Sherrill, Jr._
Control Act of 1984.                                         Name of Judicial Officer

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

**08CR 631**

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA

v.

**INDICTMENT**

HASSAN KAMAL RENCHER,
DARYL LEE ANDERSON,
GERALD WILLIAMS,
and
LUTHER RILEY

4:08cr40-eH

**THE GRAND JURY CHARGES:**

### COUNT ONE

#### A. Introduction

That at all times material to this Indictment:

1. Envision Credit Union ("Envision") was a financial institution, the deposits of which were insured by the National Credit Union Administration (NCUA).

2. Peoples First Bank ("Peoples") was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (FDIC).

3. Bank of America ("BOA") was a financial institution, the deposits of which were insured by the FDIC.

4. Capital City Bank ("CCB") was a financial institution, the deposits of which were insured by the FDIC.

OFFICE OF CLERK
U.S. DISTRICT CT.
NORTHERN DIST. FLA.
TALLAHASSEE, FLA.

2008 AUG -5 PM 4:22

FILED

5. SunTrust Bank ("SunTrust) was a financial institution, the deposits of which were insured by the FDIC.

6. First Credit Union of Gainesville ("First Credit") was a financial institution, the deposits of which were insured by the NCUA

7. Mercantile Bank ("Mercantile") was a financial institution, the deposits of which were insured by the FDIC.

8. Ironstone Bank ("Ironstone") was a financial institution, the deposits of which were insured by the FDIC.

9. Marshall & Ilsley Bank ("M & I") was a financial institution, the deposits of which were insured by the FDIC.

10. Fidelity Bank ("Fidelity") was a financial institution, the deposits of which were insured by the FDIC.

11 Wachovia Bank ("Wachovia") was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation (FDIC).

12. Hancock Bank ("Hancock") was a financial institution, the deposits of which were insured by the FDIC.

13. Florida Capital Bank ("Florida Bank") was a financial institution, the deposits of which were insured by the FDIC.

14. Tampa Bay Federal Credit Union ("TBCU") was a financial institution, the deposits of which were insured by the NCUA.

15. Colonial Bank ("Colonial") was a financial institution, the deposits of which were insured by the FDIC.

16. Riverside Bank ("Riverside") was a financial institution, the deposits of which were insured by the FDIC.

### B. The Offense

Between on or about October 12, 2007, and on or about February 8, 2008, in the Northern District of Florida, and elsewhere, the defendants,

**HASSAN KAMAL RENCHER,
DARYL LEE ANDERSON,
GERALD WILLIAMS,
and
LUTHER RILEY,**

did knowingly and willfully combine, conspire, confederate and agree with each other and with other persons, both known and unknown to the Grand Jury, to commit offenses against the United States of America, that is,

a. to knowingly and willfully execute and attempt to execute a scheme and artifice to defraud and to obtain money, funds, credits and other property owned by and under the custody and control of federally-insured financial institutions, by means of materially false and fraudulent pretenses, representations and promises, in violation of Title 18, United States Code, Section 1344; and

b. to knowingly and willfully devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises by transmitting and causing to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme and artifice, in violation of Title 18, United States Code, Section 1343.

3

### C. Manner and Means

1. It was a part of the conspiracy that the conspirators would and did obtain prepaid, also known as "stored value," debit cards that required the debit card holder to add money to the debit cards so that the cards could be used to obtain cash advances or to purchase items or services.

2. It was further part of the conspiracy that the conspirators would and did present allegedly prepaid debit cards that had no money balance on the cards to employees at federally insured institutions and to employees of various businesses to obtain cash advances or to purchase items or services from the businesses.

3. It was further part of the conspiracy that once the debit cards had been electronically declined due to insufficiency of funds on the cards, the conspirators would either direct the representatives of the financial institutions and businesses to telephone a toll-free telephone number to discuss the declination of the card or the conspirators would themselves place the call directly to a toll-free telephone number and transfer the call to the representative for discussion of the declination of the card. During these calls, the conspirators would falsely represent to the financial institution or business representatives that the toll-free telephone number was the customer service number for the debit card company, whereas, in truth, it was actually a telephone number maintained and operated by the conspirators.

4. It was further part of the conspiracy that the conspirators caused all calls placed to the toll-free telephone numbers to be routed outside the State of Florida via interstate

4

telecommunications equipment and to cause the calls to be switched to a cellular telephone number located in the State of California belonging to the conspirators.

5. It was further part of the conspiracy that the conspirators would and did falsely advise the representatives of the financial institutions and businesses by means of the fraudulent customer service telephone numbers and the cellular telephone number that the declinations on the debit cards were in error, and would instruct the representatives to enter various authorization codes that resulted in the processing of a "forced pay" on the debit cards, overriding any previous declinations and resulting in the payment of funds to the conspirators or the obtaining of services or items by the conspirators.

6. It was further part of the conspiracy that the conspirators utilized the debit cards at various financial institutions including Envision, Peoples, BOA, CCB, SunTrust, First Credit, Mercantile, Ironstone, M&I, Fidelity, Wachovia, Hancock, Florida Bank, TBCU, Colonial, and Riverside, to fraudulently obtain, and attempt to obtain, funds based upon the fraudulent use of the debit cards.

7. It was further part of the conspiracy that the conspirators utilized the debit cards at various businesses to fraudulently obtain, and attempt to obtain, services and items based upon the fraudulent use of the debit cards.

8. It was further part of the conspiracy that the conspirators fraudulently obtained and attempted to obtain approximately $360,000.00 from various financial institutions and businesses.

9.  It was further part of the conspiracy that the conspirators would and did perform acts and make statements to hide and conceal, and cause to be hidden and concealed, the purpose of the conspiracy and the acts committed in furtherance thereof

All in violation of Title 18, United States Code, Section 1349.

### COUNTS TWO THROUGH TWENTY-FIVE

#### A. Introduction

The allegations contained in paragraphs 1 through 16 of Section A of Count One of this Indictment are hereby realleged and incorporated herein by reference.

#### B. The Scheme To Defraud

Between on or about October 12, 2007, and on or about February 8, 2008, in the Northern District of Florida, the defendants,

**HASSAN KAMAL RENCHER,
DARYL LEE ANDERSON,
GERALD WILLIAMS,
and
LUTHER RILEY,**

did knowingly and willfully execute and attempt to execute a scheme to defraud and to obtain money, funds, credits, and other property owned by and under the custody and control of federally-insured financial institutions, by means of materially false and fraudulent pretenses, representations and promises.

#### C. Manner and Means

The allegations contained in paragraphs 1 through 9 of Section C of Count One of this Indictment are hereby re-alleged and incorporated herein by reference.

6

### D. Execution of the Scheme

On or about the dates set forth in the table below, for the purpose of executing and attempting to execute the aforementioned scheme to defraud, the defendants named below did fraudulently use debit cards at the following federally-insured financial institutions to obtain and attempt to obtain the following described United States currency:

| COUNT | DEFENDANT | DATE | ACTIVITY | INSTITUTION |
|---|---|---|---|---|
| TWO | RILEY | 10/12/2007 | Obtain $5,000 | Peoples, 2305 Highway 77, Panama City |
| THREE | RILEY | 10/12/2007 | Obtain $5,000 | Peoples, 1302 Ohio Avenue, Lynn Haven |
| FOUR | RILEY | 10/12/2007 | Obtain $5,000 | Peoples, 9001 Front Beach Road, Panama City |
| FIVE | RILEY | 10/15/2007 | Obtain $5,000 | Peoples, 14075 Emerald Coast Parkway, Destin |
| SIX | RILEY | 10/15/2007 | Obtain $5,000 | SunTrust, 511 W. 23rd Street, Panama City |
| SEVEN | RILEY | 10/16/2007 | Attempt to obtain $5,000 | Peoples, 1387 Shoreline Drive, Gulf Breeze |
| EIGHT | RILEY | 10/16/2007 | Obtain $5,000 | Peoples, 110 East Garden Street, Pensacola |
| NINE | RILEY | 10/16/2007 | Obtain $5,000 | Peoples, 940 East Creighton Street, Pensacola |
| TEN | RILEY | 10/16/2007 | Obtain $5,000 | Peoples, 4952 Highway 90, Pace |
| ELEVEN | ANDERSON | 11/24/2007 | Obtain $4,000 | Envision, 5500 Thomasville Rd., Tallahassee |

| TWELVE | ANDERSON | 11/24/2007 | Attempt to obtain $5,000 | BOA, 5676 Thomasville Rd., Tallahassee |
| --- | --- | --- | --- | --- |
| THIRTEEN | WILLIAMS | 11/26/2007 | Attempt to obtain $4,800 | Peoples, 107 East College Avenue, Tallahassee |
| FOURTEEN | ANDERSON | 11/26/2007 | Attempt to obtain $4,800 | Peoples, 2453 Mahan Dr., Tallahassee |
| FIFTEEN | RENCHER | 11/26/2007 | Attempt to obtain $4,800 | Peoples, 2105 Capital Circle NE, Tallahassee |
| SIXTEEN | ANDERSON | 11/26/2007 | Attempt to obtain $3,000 | SunTrust, 2727 Apalachee Parkway, Tallahassee |
| SEVENTEEN | RENCHER | 11/26/2007 | Obtain $6,500 | Envision, 440 N. Monroe Street, Tallahassee |
| EIGHTEEN | ANDERSON | 11/26/2007 | Attempt to obtain $6,800 | Envision, 421 Appleyard Rd., Tallahassee |
| NINETEEN | RENCHER | 11/26/2007 | Obtain $5,900 | Envision, 3190 Apalachee Parkway, Tallahassee |
| TWENTY | RENCHER | 11/26/2007 | Attempt to obtain $6,800 | Envision, 4400 West Tennesssee Street, Tallahassee |
| TWENTY-ONE | WILLIAMS | 11/26/2007 | Attempt to obtain $5,000 | BOA, 3003 Mahan Drive, Tallahassee |
| TWENTY-TWO | ANDERSON | 11/27/2007 | Obtain $5,000 | BOA, 2627 NW 43rd Street, Gainesville |
| TWENTY-THREE | WILLIAMS | 11/27/2007 | Attempt to obtain $2,500 | CCB, 4040 NW 16th Boulevard, Gainesville |
| TWENTY-FOUR | ANDERSON | 11/27/2007 | Attempt to obtain $5,000 | First Credit, 412 East University Avenue, Gainesville |
| TWENTY-FIVE | ANDERSON | 11/27/2007 | Attempt to obtain $5,000 | BOA, 7100 SW Archer Road, Gainesville |

In violation of Title 18, United States Code, Sections 1344 and 2.

8

## CRIMINAL FORFEITURE

The allegations contained in Counts One through Twenty-Five of this Indictment are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 982(a)(2).

From their engagement in any or all of the violations alleged in Counts One through Twenty-Five of this Indictment, the defendants,

> HASSAN KAMAL RENCHER,
> DARYL LEE ANDERSON,
> GERALD WILLIAMS,
> and
> LUTHER RILEY,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2) any and all of the defendants' right, title and interest in any property, real and personal, constituting, and derived from, proceeds traceable to such offenses.

If any of the property described above as being subject to forfeiture, as a result of acts or omissions of the defendants:

1. cannot be located upon the exercise of due diligence;
2. has been transferred, sold to, or deposited with a third party;
3. has been placed beyond the jurisdiction of this Court;
4. has been substantially diminished in value; or
5. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

9

seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

A TRUE BILL:

_August 5, 2008_
DATE

_Thomas F. Kirwin_
THOMAS F. KIRWIN
Acting United States Attorney

_S M Kunz_
STEPHEN M. KUNZ
Assistant United States Attorney